IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:24-mj-01257 |
| v. | ) | |
| | ) | Magistrate Judge Holmes |
| RICHARD PAYNE | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STAY BENCH TRIAL

Pursuant to this Court's Order (Doc. No. 8), the United States, through undersigned counsel, hereby responds to Defendant Richard Payne's Motion to Stay Bench Trial (Doc. No. 10). For the reasons set forth below, the United States respectfully submits that (1) it has no objection to Payne's request to stay his bench trial; (2) it perceives no speedy trial problems posed by a delay in the proceedings while Payne litigates his right to a jury trial; and (3) it doubts interlocutory review would be available if this Court enters an Order concluding that Payne has no right to a jury trial.

### A. Speedy Trial

As an initial matter, the United States has no objection to Payne's request to stay his bench trial during the pendency of his Motion for Jury Trial (Doc. No. 7) and any appeal therefrom.

The United States does not perceive any speedy trial problems with staying the bench trial for as long as it takes to resolve Payne's request for a jury trial. First, there is no statutory problem because "the Speedy Trial Act expressly excludes petty offense prosecutions involving Class B and Class C misdemeanors from the Act's seventy-day time limit for commencement of trial." *United States v. Green*, 165 F.3d 912 (Table), 1998 WL 761559, at *1 (4th Cir. Nov. 2, 1998) (per curiam) (citing 18 U.S.C. § 3172(2)). Thus, "Defendants charged with serious crimes are entitled

to trial within the statutory period, while those charged with petty crimes are not afforded a statutory time limit." *Id.*

Second, although somewhat difficult to fully analyze *ex ante*, there is also likely no constitutional problem under the Sixth Amendment's Speedy Trial Clause. In *Barker v. Wingo*, 407 U.S. 514 (1972), and its progeny, the Supreme Court established "a 'balancing test' that decides each speedy-trial claim on an 'ad hoc basis.'" *United States v. Allen*, 86 F.4th 295, 304 (6th Cir. 2023) (per curiam) (quoting *Barker*, 407 U.S. at 530). *Barker* "identified four questions for courts to ask when confronted with such a claim: How long was the delay? What was the reason for it? Did the defendant timely assert this speedy-trial right? And what prejudice, if any, has the defendant suffered?" *Id.*

Here, it seems clear that two of the *Barker* factors—the reason for the delay, and whether the defendant timely asserted his speedy-trial right—will weigh strongly against any speedy trial claim Payne might later raise. The Government stands ready to bring Payne to trial now; the only reason for any delay is that Payne wishes to litigate his pre-trial request for a trial to the maximum extent possible. And Payne is expressly *not* asserting his speedy-trial right. To the contrary, he has asserted that he "does not request a bench trial" and is only interested in receiving a judicial determination of whether he has a right to a jury trial. (Motion for Jury Trial, Doc. No. 7, PageID #20 (emphasis deleted)). Thus, it is difficult to imagine circumstances under which Payne could later present a meritorious Sixth Amendment speedy trial claim. However, the United States cannot say for certain (and in the abstract) that such a claim could *never* prevail, because two of the four *Barker* factors (the length of the delay and whether there is any prejudice to the defendant) are unknown at this time and depend on later events.

2

## B. **Interlocutory Review**

The Court also requested the parties' views on "the extent to which immediate appellate review of this Court's disposition of the defendant's motion for jury trial is available." (Order, Doc. No. 8, PageID #22-23). For the reasons that follow, if this Court issues an Order determining that Payne has no right to a jury trial, the United States doubts that interlocutory review would be available.

Only "final decisions" of the district courts may be appealed in the federal system. 28 U.S.C. § 1291.[1] "For purposes of this provision, a final judgment is normally deemed not to have occurred 'until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (internal quotation marks omitted) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)). "In criminal cases, this prohibits appellate review until after conviction and imposition of sentence." *Id.*

The Supreme Court has established a "narrow exception" to the final judgment rule, which is known as the "collateral order doctrine." *Id.* The collateral order doctrine "considers as 'final judgments,' even though they do not 'end the litigation on the merits,' decisions 'which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudicated.'" *Id.* (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). "To fall within the limited class of final collateral orders, an order must (1) 'conclusively determine the disputed question,' (2) 'resolve an

---

[1]    As Payne notes, Rule 58(g)(2)(A) of the Federal Rules of Criminal Procedure applies this same analysis to appeals to a district judge from a magistrate judge's order in a petty offense case. (*See* Motion to Stay Bench Trial, Doc. No. 10, PageID #34).

important issue completely separate from the merits of the action,' and (3) 'be effectively unreviewable on appeal from a final judgment.'" *Id.* at 799 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

The policy behind the collateral order doctrine is "at its apex—its 'strongest' in the words of the U.S. Supreme Court—'in the field of criminal law.'" *United States v. Martirossian*, 917 F.3d 883, 886 (6th Cir. 2019) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982) (per curiam)). For this reason, the Supreme Court has "interpreted the collateral order exception 'with the utmost strictness' in criminal cases." *Midland Asphalt*, 489 U.S. at 799 (quoting *Flanagan v. United States*, 465 U.S. 259, 265 (1984)).[2]

More specifically, in criminal cases,

> [j]ust four types of orders have made the cut: [1] the denial of a motion to dismiss based on the Double Jeopardy Clause, [*Abney v. United States*, 431 U.S. 651, 659 (1977)]; [2] the denial of a motion to dismiss based on the Speech and Debate Clause, *Helstoski v. Meanor*, 442 U.S. 500, 506 (1979); [3] a court's order to forcibly medicate a mentally ill defendant, *Sell v. United States*, 539 U.S. 166, 176– 77 (2003); and [4] a court's refusal to reduce bail, *Stack v. Boyle*, 342 U.S. 1, 6 (1951).

*Martirossian*, 917 F.3d at 887. As the Sixth Circuit has explained:

> The setting of each exception confirms its narrow reach: The constitutional right not to be twice *tried* would be lost in the absence of an immediate challenge, *Abney*, 431 U.S. at 660–62; the constitutional right to speak in Congress without fear of being "questioned in any other Place" would be compromised in the absence of an immediate challenge, *Helstoski*, 442 U.S. at 508; the constitutional right not to be forcibly medicated would be shortchanged in the absence of an immediate challenge,

---

[2]  In the civil context, "[i]t is firmly established that denial of a jury demand is a nonappealable interlocutory order." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) (citing *Morgantown v. Royal Ins. Co.*, 337 U.S. 254 (1949), and *Black v. Boyd*, 248 F.2d 156 (6th Cir. 1957)); *see also AP Propane, Inc. v. Myers*, 900 F.2d 259 (Table), 1990 WL 47384, at *1 (6th Cir. Apr. 16, 1990) ("It is well settled that denial of a jury demand is a nonappealable interlocutory order, nor is such an order appealable under the collateral order doctrine[.]" (internal citations omitted)). The United States does not understand this caselaw prohibiting interlocutory review of denials of jury demands in *civil* cases to bind the Court in this *criminal* case, although it may be another useful data point.

*Sell*, 539 U.S. at 176–77; and the constitutional right to non-excessive bail would be sacrificed in the absence of an immediate appeal, *see Flanagan v. United* States, 465 U.S. 259, 266 (1984); *Stack*, 342 U.S. at 12 (Jackson, J., separate opinion).

*Id.*

The Supreme Court's narrow construction of the collateral order doctrine in the criminal context "manifest[s] the general rule that the third prong of the [collateral order] test is satisfied only where the order at issue involves 'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt*, 489 U.S. at 799 (quoting *United States v. McDonald*, 435 U.S. 850, 860 (1978)). And "the Supreme Court has cautioned [lower courts] time, *Midland*, 489 U.S. at 799, time, *Dig. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994), and time again not to expand the collateral order club's 'selective . . . membership,' *Will v. Hallock*, 546 U.S. 345, 350 (2006)." *Martirossian*, 917 F.3d at 887.

Here, under the Supreme Court's strict interpretation of the collateral order doctrine in criminal cases, the United States doubts that Payne's right to a jury trial would fit within the narrow exception. As noted above, for the collateral order doctrine to apply, the "legal and practical value" of Payne's asserted right to a jury trial would need to be "destroyed if it were not vindicated before trial." *See Midland Asphalt*, 489 U.S. at 799 (quoting *McDonald*, 435 U.S. at 860). But that does not appear to be so. If Payne is ultimately correct that, contrary to current binding Supreme Court precedent, he does in fact have the constitutional right to be tried by a jury instead of a judge, that right can be fully vindicated after a conviction in a bench trial and on remand from the relevant appellate courts.[3]

---

[3]    Notably, the Double Jeopardy Clause would not bar Payne from being retried before a jury even if his conviction in a bench trial were vacated on appeal. *Smith v. United States*, 599 U.S. 236, 242 & n.3 (2023) (stating that "retrial is the strongest appropriate remedy" for violations of every clause of the Sixth Amendment except for the Speedy Trial Clause, and citing *Ramos v. Louisiana*, 140 S. Ct. 1390, 1406-07 (2020), in support of this proposition with respect to the Jury

5

Accordingly, this is not a case where an Order of this Court holding that Payne has no right to a jury trial would "be unreviewable on appeal from a final judgment." *See Martirossian*, 917 F.3d at 886-87. The United States thus respectfully doubts that such a claim would find a place within "the collateral order club's 'selective membership,'" *id.* at 887 (ellipsis omitted) (quoting *Will*, 546 U.S. at 350), if Payne were to seek it.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney for the
Middle District of Tennessee

/s/ Nicholas J. Goldin
NICHOLAS J. GOLDIN
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Tel. (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically on counsel for the defendant, Richard L. Tennent, via CM/ECF on this, the 13th day of November, 2024.

/s/ Nicholas J. Goldin
NICHOLAS J. GOLDIN
Assistant United States Attorney

---

Clause); *see United States v. Hawkins*, 76 F.3d 545, 553 (4th Cir. 1996) (concluding that a defendant whose criminal contempt conviction was vacated for, among other things, denial of a jury trial, could be retried on remand); *Azille v. People*, 59 V.I. 215, 226 n.5 (2012) (same); *see generally Lockhart v. Nelson*, 488 U.S. 33, 38 (1988) ("It has long been settled . . . that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction.").

6